EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Humberto Mercado Montenegro | 2003 TSPR 107 <br><br> 159 DPR _____ |

Número del Caso: RT-2001-3779


Fecha: 10 de junio de 2003


Oficina de Inspección de Notarías:
                        Lcda. Carmen H. Carlos
                        Directora


 Materia: Remisión Tardía

        Este  documento  constituye  un  documento  oficial  del
        Tribunal  Supremo  que  está  sujeto  a  los  cambios  y
        correcciones  del  proceso  de  compilación  y  publicación
        oficial  de  las  decisiones  del  Tribunal.  Su  distribución
        electrónica  se  hace  como  un  servicio  público  a  la
        comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Humberto Mercado Montenegro          RT-2001-3779


PER CURIAM


San Juan, Puerto Rico, a 10 de junio de 2003


El 31 de marzo de 2003, emitimos la Opinión Per Curiam que, a continuación, pasamos a exponer:

> Mediante comunicación, de fecha 17 de junio de 2002, la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, nos informó que el notario Humberto Mercado Montenegro había notificado, tardíamente, a dicha Oficina del hecho de la otorgación de una escritura de protocolización de poder.[1] Nos informó, además, que el referido notario había incurrido en conducta similar en tres ocasiones distintas anteriores.
> En vista a ello, y mediante Resolución, de fecha 19 de julio de 2002, una Sala Especial de Verano le

---

[1] Escritura número 40 del 16 de diciembre de 1998.

de Verano le impuso al notario Mercado Montenegro una sanción económica de $200.00, pagadera a favor del Secretario de Hacienda, "...a ser depositada [la misma] en la Secretaría de este Tribunal, dentro del transcurso de treinta (30) días a partir de la fecha de notificación de esta Resolución." (Énfasis suplido.)

A pesar de haber sido notificado el referido notario, por la vía ordinaria del correo, a la dirección obrante en el Tribunal, éste no compareció en cumplimiento de la mencionada Resolución. En atención a ello, el notario Mercado Montenegro fue notificado personalmente con copia de la mencionada Resolución el 9 de diciembre de 2002. No obstante haber transcurrido en exceso del término de tres meses, desde que fuera notificado personalmente, el referido notario no ha cumplido con lo ordenado por el Tribunal.

I

Reiteradamente hemos expresado que todo abogado tiene el deber de cumplir con las órdenes de este Tribunal y que su incumplimiento puede acarrear graves sanciones. *In re Bray Leal*, res. el 28 de abril de 2000, 2000 J.T.S. 143, pág. 68; *In re Cuevas Velásquez*, res. el 29 de junio de 2000, 2000 J.T.S. 136, pág. 42. Igualmente, hemos expresado que no toleraremos la injustificada y obstinada negativa de un abogado de cumplir con nuestras órdenes en la esfera disciplinaria. *In re Agrait Defilló*, res. el 7 de agosto de 2000, 2000 J.T.S. 174, pág. 352. La conducta displicente de dejadez, indiferencia y falta de diligencia en responder a nuestras órdenes en esta materia conlleva sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía. *In re Laborde Freyre*, res. el 4 de mayo de 2001, 2001 JTS 77, pág. 1284.

Por todo lo antes expuesto, se dicta Sentencia suspendiendo al Lcdo. Humberto Mercado Montenegro indefinidamente del ejercicio de la profesión de abogado hasta que otra cosa disponga el Tribunal.

Se le impone, además, el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá certificarnos en el término de treinta días, contados a partir de la fecha de notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal se incautará de la obra y sello notarial y se los entregará a la Oficina de Inspección de Notarías

para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

Certificada la Sentencia, el 7 de abril de 2003 uno de los alguaciles de la Oficina del Alguacil General de este Tribunal se personó a la oficina legal del abogado Humberto Mercado Montenegro con el propósito de notificar a éste de la Opinión Per Curiam y Sentencia que había sido emitida e incautarse de la obra y sello notarial del referido abogado. En ese momento, y por primera vez durante todo este procedimiento, el abogado Mercado Montenegro informó que había pagado la sanción de $200.00 que le había sido impuesta el 19 de julio de 2002.

Informado de ello, el referido alguacil se comunicó, por la vía telefónica con la Secretaria del Tribunal, la cual cotejó los récords del Tribunal, pudiendo localizar un cheque --el cual había sido enviado por correo al Tribunal el 2 de agosto de 2002 sin escrito o moción alguna y sin número de caso mediante el cual se pudiera identificar el mismo-- por la suma de $200.00, pagadero a nombre del Secretario de Hacienda de Puerto Rico, firmado el mismo por el referido abogado. En vista de ello, se le dieron instrucciones al mencionado alguacil para que se abstuviera de diligenciar la Sentencia emitida.

I

No hay duda, repetimos, que el Lcdo. Humberto Mercado Montenegro pagó la sanción económica de $200.00 que se le

impusiera. Tampoco debe haber duda, sin embargo, sobre el hecho de que el Lcdo. Mercado Montenegro incumplió con el trámite y procedimiento correcto y propio que todo abogado debe seguir en relación a esta clase de situaciones.

Impuesta una sanción económica por este Tribunal a un abogado, éste no puede meramente limitarse a colocar un cheque en un sobre y enviar el mismo por correo a este Tribunal, sin acompañar dicho cheque con una "moción informativa o en cumplimiento de orden", y sin tan siquiera identificar el cheque con el número del expediente.

En el caso específico hoy ante nuestra consideración, la actuación del Lcdo. Mercado Montenegro es aún más grave y/o displicente. Recordemos que el Tribunal, ante el aparente incumplimiento del abogado con la Resolución imponiéndole la sanción económica de $200.00, ordenó que éste fuera personalmente notificado con copia de la misma, lo cual se hizo el 9 de diciembre de 2002. El Lcdo. Mercado Montenegro no se dignó informarle, en dicho día, al alguacil que le notificó personalmente de dicha Resolución que había satisfecho la sanción como tampoco compareció ante el Tribunal mediante escrito a esos efectos.

En vista de lo anteriormente expresado, entendemos procedente censurar al Lcdo. Humberto Mercado Montengro por su actitud displicente hacia los requerimientos de este Tribunal e imponerle una sanción económica de $250.00, pagadera la misma a nombre del Secretario de Hacienda de Puerto Rico y la cual deberá depositar en la Secretaría del

Tribunal, <u>mediante moción a esos efectos</u>[2], en el término de quince días, contado el mismo a partir de la fecha de notificación de la presente Opinión Per Curiam y Sentencia.[3]

Se dictará Sentencia de conformidad.

---

[2] En el cheque el abogado deberá hacer constar el número de identificación del caso.

[3] Resulta pertinente señalar que en una <u>ocasión anterior</u>, en que se le impuso una sanción económica al Lcdo. Mercado Montenegro, éste, al satisfacer la misma, radicó una moción informativa a esos efectos ante el Tribunal; <u>lo cual es demostrativo de que el incumplimiento en que dicho abogado incurrió, en la presente ocasión, fue uno intencional y voluntario</u>.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Humberto Mercado Montenegro            RT-2001-3779

SENTENCIA

San Juan, Puerto Rico, a 10 de junio de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se censura al Lcdo. Humberto Mercado Montenegro por su actitud displicente hacia los requerimientos de este Tribunal y se le impone una sanción económica de $250.00, pagadera la misma a nombre del Secretario de Hacienda de Puerto Rico, la cual deberá depositar en la Secretaría del Tribunal, <u>mediante moción a esos efectos</u>, en el término de quince días, contado el mismo a partir de la fecha de notificación de la presente Opinión Per Curiam y Sentencia.

Se dejan sin efecto la Opinión Per Curiam y Sentencia emitidas el 31 de marzo de 2003.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo